# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTERNATIONAL GARDEN PRODUCTS, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>WEEKS WHOLESALE ROSE GROWER,<br><br>      Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>CALIFORNIA NURSERY SUPPLY,<br><br>      Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>ISELI NURSERY, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |
| In re:<br><br>OLD SKAGIT, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |

## DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") file this motion (the "Motion") pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") requesting an order directing the joint administration of the Debtors' Chapter 11 cases and the consolidation thereof for procedural purposes only. The facts and circumstances supporting this Motion are set forth in the Declaration of James H. Hulbert, III in Support of First Day Motions (the "Hulbert Declaration") filed concurrently herewith and incorporated herein by reference. In further support of the Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On October 4, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Also on the Petition Date, the Debtors filed certain additional joint motions or applications seeking certain typical "first day" relief. No trustee, examiner or creditors' committee has been appointed in these cases.

2. The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND OF THE DEBTORS

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Hulbert Declaration.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek the entry of an order, pursuant to Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1 directing the joint administration of the Debtors' Chapter 11 cases and the consolidation thereof for procedural purposes only.

6. These cases involve five affiliated Debtors. International Garden Products, Inc. ("IGP") is the ultimate parent of the other Debtors, and it owns 100% of Iseli Nursery, Inc., California Nursery Supply, and Old Skagit, Inc. Debtor California Nursery Supply owns 100% of Weeks Wholesale Rose Grower. Accordingly, all of the Debtors are "affiliates" within the meaning of that term in Section 101(2) of the Bankruptcy Code.

7. The Debtors have many common creditors and interested parties. Thus, the Debtors' reorganization will be administered most efficiently and economically on a joint basis without any detriment to the various creditor constituencies. A large number of the motions and other pleadings that will be filed in the Debtors' cases will relate to relief that all of the Debtors seek jointly. For example, virtually all of the Debtors' requests for relief in their first day motions (filed contemporaneously herewith) relate to all of the Debtors, rather than any one Debtor in particular.

8. Accordingly, not only the Debtors, but also their creditors, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") and the other parties-in-interest in these cases, will benefit from joint administration. Joint administration of

the Debtors' cases will also reduce the Court's administrative burden by allowing the Debtors' cases to be administered as a single joint proceeding, rather than five separate cases.

9. To avoid confusion and to allow the cases to be administered as efficiently as possible, the Debtors request that all of the cases be jointly administered, for procedural purposes only, under the case number assigned to IGP. IGP is the ultimate parent company of the other Debtors. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' cases, which file and docket should be the file and docket for IGP.

10. To further aid in the ease of administration of their cases, the Debtors also request that a modified, joint caption reflecting their joint administration be used for their cases, as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL GARDEN PRODUCTS, INC., et al.,[1] | Case No. 10-_____ (___) |
| Debtors. | Jointly Administered |

\*\*\*

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): International Garden Products, Inc. (5711), Weeks Wholesale Rose Grower (9716), California Nursery Supply (6835), Iseli Nursery, Inc. (6206), and Old Skagit, Inc. (2996).

11. The Debtors also request that a separate docket entry in substantially the form set forth below be made on the docket of each of the Debtors' cases (except IGP's) to reflect the joint administration of the Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of

International Garden Products, Inc., Weeks Wholesale Rose Grower, California Nursery Supply, Iseli Nursery, Inc., and Old Skagit, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. _____.

12. Although the Debtors request that these Chapter 11 cases be administered jointly for procedural purposes, the Debtors are not requesting that such cases be substantively consolidated. To avoid any confusion regarding that issue, the Debtors also request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors be required to file such proof of claim in the specific Chapter 11 case of the particular Debtor against whom such claim is asserted, and not against IGP as the lead Debtor in the jointly administered case, unless such creditor specifically intends to assert a claim against IGP.

## **LEGAL AUTHORITY**

13. Bankruptcy Rule 1015(b) specifically provides for the procedural joint administration of two or more bankruptcy cases filed in the same court by or against a debtor and an affiliate, stating that "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of Chapter 11 cases when ". . . the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. LR 1015-1. In this case, IGP is the ultimate parent company of the other Debtors. The Debtors are therefore affiliates within the meaning of section 101(2) of the Bankruptcy Code and, accordingly, this Court has the authority to grant the relief requested herein.

14. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) of the Bankruptcy

5

Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. As set forth above, the joint administration of the Debtors' cases will allow them to proceed efficiently and with a reduced administrative burden on the Court and all parties-in-interest. Joint administration will also reduce confusion by permitting the Clerk of the Court to use a single docket for all of the Debtors' cases, creating a centralized location for the numerous pleadings and documents that are likely to be filed and served in these cases, as well as for such notices and orders as may be entered or issued by the Court or the Clerk. In this way, joint administration will help all of the Debtors' parties-in-interest stay apprised of the various matters before the Court.

16. No creditor or other party-in-interest will be prejudiced by joint administration. The relief sought in this Motion is purely procedural and is not intended to affect any party's substantive rights. Considering that these cases involve five separate Debtors, joint administration will significantly reduce the volume of filings with the Clerk of this Court and the amount of work necessary to keep track of the various proceedings. Thus, the various administrative tasks and unnecessary delays that might be associated with the administration of the Debtors' cases will be minimized. Joint administration will also simplify the supervision of these cases by the Office of the United States Trustee.

17. Joint administration orders in related Chapter 11 cases such as these is customary in this District and elsewhere. See, e.g., In re Trico Marine Services, Inc., Case No. 10-12653 (BLS) (Bankr. D. Del. Aug. 27, 2010) (order directing joint administration of related chapter 11 cases); In re Cooper-Standard Holdings Inc., Case No. 09-12743 (PJW) (Bankr. D. Del. Aug. 5, 2009) (same); In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS)

(Bankr. D. Del. Jan. 27, 2009) (same); In re Tribune Company, Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008) (same), In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 13, 2008) (same), In re Charys Holding Co., Inc., Case No. 08-10289 (BLS) (Bankr. D. Del. Feb. 15, 2008) (same); In re Holley Performance Prods. Inc., Case No. 08-10256 (PJW) (Bankr. D. Del. Feb. 12, 2008) (same); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008) (same); In re Friedman's Inc., Case No. 08-10161 (CSS) (Bankr. D. Del. Jan. 28, 2008) (same); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Jan. 23, 2008) (same).

18. For these reasons set forth above, the relief requested herein is in the best interests of the Debtors and their estates, will reduce the administrative burdens on the Court and all parties-in-interest, and should be granted.

## NOTICE

19. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' 30 largest unsecured creditors on a consolidated basis; (vi) counsel to the Debtors' prepetition lenders; and (vii) counsel to the Debtors' proposed postpetition lenders. Notice of this Motion and any order entered in connection herewith will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, (i) directing the joint administration of the

Debtors' Chapter 11 cases for procedural purposes only under the case number assigned to IGP, (ii) approving the form of caption for the jointly administered cases as set forth herein, and (iii) granting such other and further relief as the Court deems just and proper.

**[Remainder of Page Left Intentionally Blank]**

Dated: October 4, 2010
    Wilmington, Delaware

/s/ Derek C. Abbott
_____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
L. John Bird (No. 5310)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: 302-658-9200
Facsimile: 302-658-3989
Email: dabbott@mnat.com
    aremming@mnat.com
    jbird@mnat.com

-and-

BRYAN CAVE LLP
Eric S. Prezant (admission *pro hac vice* pending)
Leslie A. Bayles (admission *pro hac vice* pending)
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
Telephone: 312-602-5000
Facsimile: 312-602-5050
Email: eric.prezant@bryancave.com
    leslie.bayles@bryancave.com

-and-

BRYAN CAVE LLP
Brian C. Walsh (admission *pro hac vice* pending)
Cullen K. Kuhn (admission *pro hac vice* pending)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: 314-259-2000
Facsimile: 314-259-2020
Email: brian.walsh@bryancave.com
    ckkuhn@bryancave.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

3810020